IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number: 2:22-cv-14369-AMC

GS HOLISTIC, LLC,

        Plaintiff,

v.

PSL RETAIL CORP d/b/a PSL SMOKE & VAPE SHOP, AGYEMANG ATTA YOSEPH FELLOWES, NAJI FELLOWES, and JULIO GARCIA,

        Defendants,
_____/

## PLAINTIFF'S MOTION TO STRIKE
## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

    The Plaintiff, GS HOLISTIC, LLC, by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(f), hereby files its Motion to Strike the Defendant's Answer and Affirmative Defenses, and in support thereof states as follows:

    1.    On October 28, 2022, the Plaintiff filed its Complaint alleging Trademark Infringement and False Designation of Origin/Unfair Competition in violation of the Lanham Act under 15 U.S.C. §§ 1114 and 1125(a) [DE 1].

    2.    On April 14, 2023, the Defendant AGYEMANG ATTA YOSEPH FELLOWES filed his Answer and Affirmative Defenses in which they responded to each allegation made in the Complaint and raised four (4) Affirmative Defenses [DE 20].

    3.    However, the Defendants' four affirmative defenses are improper, for varying reasons, as detailed below.

4. Therefore, the Plaintiff respectfully requests that this Court strike the Defendants' four insufficiently pled Affirmative Defenses.

## Memorandum of Law

**Standard of Review**

Rule 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

The Supreme Court has interpreted Rule 8(a) to require sufficient facts showing relief and "more than just labels and conclusions…a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As such, a party raising affirmative defenses must comply with the general pleading requirements of Rule 8 and must do more than make conclusory allegations. *Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F. Supp.2d 1314, 1318 (S.D. Fla. 2005). However, some courts have concluded that "affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only provide fair notice of the nature of the defense and the grounds upon which it rests." *Doe v. G-Star School of the Arts, Inc.*, 16-80446, 2016 WL 4625625, at *3 (S.D. Fla. Sept. 6, 2016).

However, many district courts within this circuit have addressed the issue and the majority have held that the *Iqbal* and *Twombly* standard does apply to affirmative defenses. *See In re Fischer,* No. 08–74070–MHM, 2011 WL 1659873, *2 (Bankr. N.D. Ga. Apr 12, 2011); *Mid–Continent Casualty Co. v. Active Drywall South, Inc.,* 765 F.Supp.2d 1360 (S.D. Fla.2011); *Castillo v. Roche Laboratories Inc.,* No. 10–20876–CIV, 2010 WL 3027726 (S.D. Fla. Aug 2, 2010); *Bartram, LLC v. Landmark American Ins. Co.,* No. 1:10–cv–28, 2010 WL 4736830 (N.D. Fla. Nov.16, 2010); *Torres v. TPUSA, Inc.,* No. 2:08–cv–618, 2009 WL 764466 (M.D. Fla. Mar. 19, 2009); and *Home Management Solutions, Inc. v. Prescient, Inc.,* No. 07–20608, 2007 WL

2412834 (S.D. Fla. Aug. 21, 2007)." *Adams,* 2011 WL 2938467 at *2. Consequently, the Plaintiff argues that affirmative defenses are subject to the heightened pleading standard set forth in the Supreme Court cases of *Twombly,* 550 U.S. at 555–56 and *Iqbal,* 556 U.S. at 677-78.

Additionally, an affirmative defense is "one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Pujals ex rel. El Ray De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011). "Therefore, an affirmative defense which merely points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense at all." *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007)(internal citation omitted).

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter…on its own; or … on motion made by a party[.]" Additionally, "a court must not tolerate shotgun pleading of affirmative defenses and should strike vague and ambiguous defenses which do not respond to any particular count or legal basis of a complaint. *Morrison*, 434 F. Supp. at 1318 (*citing Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001)).

**Argument**

Accordingly, when taking the above case law into account, the Defendant's four Affirmative Defenses fail to meet the burden of a true affirmative defense. All Affirmative Defenses should be stricken as explained below.

First Affirmative Defenses: Innocent Infringer

The Defendant's First Affirmative Defense asserts that Defendants' actions were justified due to the Defendant's innocence. This defense should be stricken as pled. Innocence is not a proper defense since intent is not an element of trademark infringement.

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Additionally, the Defendant asserted that he believed the products were not counterfeit and acted in a commercially reasonable manner since he bought it from a distributor. The GS Holistic website states that there is only one distributor which is authorized to sell the products in question. If the Defendant decided to buy from an unlicensed distributor, he assumed the risk of buying counterfeit products.

The Defendant also mentioned that the Plaintiff is only entitled to limited relief since the duration of infringing conduct and the number of infringing products purchased by the Defendant. It is unclear as to what is being plead. Nevertheless, the duration of conduct and number of products do not negate the fact that the Defendants sold a counterfeit product. As such, this Defense should be stricken for being vague, as it is impossible to argue against.

## Second Affirmative Defense: Equitable Estoppel

The Defendant's Second Affirmative Defense that the Plaintiff's claims are barred by the doctrine of estoppel should be stricken. The Defendant made a scandalous statement which indicates that the Plaintiff has invited occurrences of counterfeiting through an alleged authorized distributor. This would unfairly prejudice the Plaintiff. Rule 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Accordingly, the Court should strike this affirmative defense as it is immaterial and scandalous.

## Third Affirmative Defense: Laches

The Defendant's Third Affirmative Defense is titled as doctrine of laches, although the facts the Defendant alleged to support the defense have nothing to do with laches. This Affirmative Defense is improper as it is vague, lacks any facts to support the doctrine of laches, and is a conclusory statement regarding a legal theory. See *Morrison*, 434 F. Supp. at 1318.

Moreover, the Defendant states he did not advertise or market the counterfeit products. This is mere denial of the allegations alleged in the Complaint. An affirmative defense accepts the allegations of the well pleaded complaint as true but attempts to avoid liability in part or in whole.

The Defendant also seems to have innocent infringer and equitable estoppel defenses imbedded within his argument by stating the Defendant was not informed that the seller was not authorized distributor and stating the authorized distributer and the retailer for counterfeit products were operating in the same location. As explained above, this is not a proper defense and as such should be stricken.

### Fourth Affirmative Defense: Good Faith and Reasonable Reliance

The Defendant's Fourth Affirmative Defense stated that the Defendant acted in good faith, did not have knowledge as to the infringing nature or any products, and was misled by a third-party seller. As previously stated, innocence is not a valid affirmative defense nor is it an element of the alleged violation. The Fourth Affirmative Defense should also be stricken as pled as it is duplicative of the First Affirmative Defense and is a mere denial of the allegations in the Complaint, as the Defendant is indicating that there was no willful infringement, which was explicitly pled in the Complaint filed by the Plaintiff.

### Reservation of Rights

The Defendant attempted to reserve the right to assert additional Affirmative Defenses later. This is not an affirmative defense, nor it is proper. The Defendant is trying to circumvent the legal process and rules of the Court by attempting to reserve the right to later assert additional Affirmative Defenses. As such this paragraph should be stricken and not considered.

WHEREFORE, the Plaintiff, GS HOLISTIC, LLC, respectfully requests that this Court

strike the Defendant's four affirmative defenses discussed herein as being ambiguous, vague, improper, denials and/or allegations of defects in the Plaintiff's claims and grant such other relief as this Court may deem just and proper.

### Local Rule 7.1(a)(3) Certificate of Conferral

On May 5, 2023, the parties conducted a meet and confer in a good faith attempt to resolve the issues in this Motion prior to the filing of this Motion. Opposing counsel stated that the Defendant is not agreeable to the relief sought in the Motion.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on May 5, 2023, with the Clerk of Court using CM/ECF to serve on all counsel of record.

*/s/ Gabrielle Alexa Penalta*
Gabrielle Alexa Penalta
Fla Bar #301796
The Ticktin Law Group
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv600@LegalBrains.com
Telephone: 813-448-1129
*Attorney for the Plaintiff*